IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ALHAMZAWI, and ALAA JAZAYERLI, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | ) ) ) ) ) ) Case No. 24-cv-327-DES ) ) ) ) ) ) ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Remand Case to District Court of Marshall County, Oklahoma. (Docket No. 10). On September 13, 2024, Defendant, State Farm Fire and Casualty Company ("Defendant"), filed a Notice of Removal from Marshall County District Court based on 28 U.S.C. § 1332(a)(1), diversity jurisdiction. (Docket No. 2). Defendant alleges that Plaintiffs are citizens of Oklahoma and Defendant is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. *Id.* at 3. On September 17, 2024, Plaintiffs, David Alhamzawi and Alaa Jazzayerli ("Plaintiffs"), filed their Motion to Remand Case to the District Court of Marshall County, Oklahoma, arguing essentially that Defendants have waived their objections to venue and removal has and will cause significant financial hardship and inconvenience. (Docket No. 10 at 1-2). On September 30, 2024, Defendant filed its response to Plaintiffs' Motion to Remand (Docket No. 11) making this matter fully briefed. For the reasons set forth below, Plaintiffs' Motion to Remand is DENIED.

I.    Background

Plaintiffs filed their action in the District Court of Marshall County, Oklahoma, on May 31, 2024. (Docket No. 2-1). In their Petition, Plaintiffs assert a claim for breach of contract and

bad faith against Defendant. *Id.* Plaintiffs did not include any allegations related to the amount in controversy in their Petition. In an attempt to determine the amount in controversy, Defendant issued its First Set of Discovery Requests to Plaintiff David Alhamzawi on June 14, 2024. (Docket No. 11 at 2). Defendant alleges that Plaintiff failed to respond to the Discovery Requests causing Defendant to file a Motion to Compel which resulted in Plaintiffs confirming the amount in controversy exceeds $75,000. *Id.* As a result, Defendant filed its Notice of Removal asserting diversity jurisdiction as the basis for subject matter jurisdiction. *Id*. at 3.

In their Motion to Remand, Plaintiffs argue that Marshall County District Court is the appropriate jurisdiction to hear this matter, and because Plaintiffs answered Defendant's Discovery Requests there, it is fair and just to allow the case to remain there. (Docket No. 10 at 1). Furthermore, Plaintiffs argue the removal "imposes severe financial hardship on the plaintiffs" and that travel from Madill, Oklahoma to the Eastern District Court of Oklahoma poses "a significant inconvenience and financial strain." *Id.* at 2.

    II.    Analysis

        A.  Timeliness of Removal

Diversity jurisdiction only exists if no plaintiff and no defendant are citizens of the same state. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A corporation is deemed a citizen of both the State of incorporation and of the State where it has its principal place of business. 28 U.S.C. §1332 (c)(1). Defendant argues that since Plaintiffs are citizens of the State of Oklahoma and Defendant is deemed a citizen of the State of Illinois because it is incorporated under the laws of Illinois and its principal place of business is in Illinois, diversity jurisdiction exists. Plaintiffs have not refuted Defendant's showing of diversity. (*See* Docket No. 10). Plaintiffs

...

only argue that Defendant was served in State Court and did not object to jurisdiction at that time. *Id.* at 1. The Court construes this argument as an objection to the timeliness of the Removal.

Defendant argues "'a notice of removal may be filed within 30 days after receipt by the defendant…of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained' that the matter is removable." (Docket No. 11 at 3) (quoting 28 U.S.C. §1446(b)(3)). Because Plaintiffs did not indicate the amount in controversy in their Petition, Defendant argues it was forced to issue discovery requests to ascertain it in order to determine whether diversity jurisdiction existed for removal purposes. *Id.* at 4. It was only after the discovery requests were deemed admitted on September 4, 2024, that the amount in controversy was confirmed to exceed $75,000, satisfying the second prong required under diversity jurisdiction. *Id.*

The Tenth Circuit has held that "where a state court complaint does not identify a specific amount that the plaintiff seeks to recover, the burden is on a defendant seeking removal to demonstrate that this jurisdictional prerequisite is satisfied by 'affirmatively establish[ing]' in the petition that the amount in controversy exceeds the statutory requirement." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The burden is met when the defendant affirmatively establishes jurisdictional facts that make it possible that more than $75,000 is in play. *McPhail,* 529 F.3d at 955. Defendant argues that it could not file a Notice of Removal until it could confirm the amount in controversy exceeded the jurisdictional threshold of $75,000; therefore, once the amount in controversy was confirmed on September 4, 2024, Defendant filed its Notice of Removal on September 13, 2024. (Docket No. 2). Because Defendant filed its Notice of Removal within 30 days of first ascertaining this matter was removable, Defendant's removal is timely under 28 U.S.C. §1446(b)(3).

B. Plaintiffs' Equity Arguments

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." Since the parties are citizens of different States and the amount in controversy exceeds $75,000, this Court has jurisdiction over this matter. However, Plaintiff further alleges that removal imposes "severe financial hardship on the plaintiffs" and poses "a significant inconvenience and financial strain."[1] (Docket No. 10 at 2). Federal Courts typically have a duty to exercise jurisdiction that is conferred upon them by Congress, but this duty is not absolute. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, (1996). "[F]ederal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest, . . . for example, where abstention is warranted by considerations of 'proper constitutional adjudication, regard for federal-state relations, or wise judicial administration.'" *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)).

The types of cases the abstention exception would apply to are: cases that would interfere with a pending state criminal proceeding or with certain types of state civil proceedings; cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law; cases that raise issues involving state sovereignty which might be impaired by unsettled questions of state law; and cases which are duplicative of a pending state proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971); *Huffman v. Pursue, Ltd.,* 420 U.S. 592 (1975); *Juidice v. Vail*, 430 U.S. 327 (1977*); Railroad Comm'n of*

---

[1] The Court notes that Plaintiffs present no evidence supporting their allegations of severe financial hardship and significant inconvenience.

*Tex.v. Pullman Co.,* 312 U.S. 496 (1941); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, (1976); *Pennsylvania v. Williams*, 294 U.S. 176 (1935). None of these circumstances are present here. Furthermore, as Defendant argues, in this matter, "Plaintiffs seek only damages for their breach of contract and bad faith claims; there are no other equitable claims or remedies sought in their Petition." (Docket No. 11 at 5). While the Supreme Court has allowed federal courts to abstain from jurisdiction in cases where the relief being sought is equitable in nature or otherwise discretionary, the same is not true in cases where, as here, the relief being sought is damages. *Quackenbush,* 517 U.S. at 721. ("[I]n cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court. By contrast, while we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.") Because none of the circumstances for which the abstention exception would apply are present here and because Plaintiffs are seeking damages, the Court declines to apply the abstention doctrine. Accordingly, Plaintiffs' Motion to Remand is DENIED.

III.    Conclusion

In this case, diversity jurisdiction exists because the parties are citizens of different states and the amount in controversy exceeds $75,000, as required under 28 U.S.C. § 1332. Defendant's removal was timely under 28 U.S.C. § 1446(b)(3) as the amount in controversy was not ascertainable until Defendant received discovery responses confirming it exceeded the $75,000 threshold. Plaintiffs' objections to the removal and claims of financial hardship do not meet the

criteria for federal court abstention, which is generally limited to exceptional circumstances that are not present here and does not apply to cases where damages are alleged. Therefore, Plaintiffs' Motion to Remand (Docket No. 10) is DENIED.

DATED this 5th day of February, 2025.

_____
D. Edward Snow
United States Magistrate Judge