IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISCTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ALHAMZAWI and ALAA JAZAYERLI, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Case No. 24-CV-327-JFH-DES |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff David Alhamzawi's ("Plaintiff Alhamzawi") Motion to Quash Discovery Requests or Deposition of Alaa Jazayerli. (Docket No. 51). On July 28, 2025, Plaintiff Alhamzawi filed the present Motion seeking to quash or stay all current and future discovery requests, subpoenas, or depositions concerning Plaintiff Alaa Jazayerli ("Plaintiff Jazayerli"). *Id.* Defendant State Farm Fire & Casualty Company ("Defendant") filed a Response to the Motion on August 5, 2025. (Docket No. 55). The issues pertaining to the Motion to Quash have been fully briefed. For the reasons set forth below, Plaintiff Alhamzawi's Motion to Quash is DENIED.

**I.    Background**

On April 25, 2022, Plaintiff Jazayerli applied for an insurance policy with Defendant in relation to a property she owned at 9892 Buckaloo Bend Road, Kingson, Oklahoma. (Docket No. 55 at 1). Defendant issued Plaintiff Jazayerli a policy for a period from April 25, 2022 to April 25, 2023. *Id.* In October 2022, Plaintiffs made a claim for vandalism under the subject insurance policy, which Defendant denied. *Id.* On May 31, 2024, Plaintiffs filed their action in the District Court of Marshall County, Oklahoma, alleging breach of contract and bad faith against Defendant.

(Docket No. 2-1). On September 13, 2024, Defendant filed its Notice of Removal, asserting diversity jurisdiction as the basis for subject matter jurisdiction. *Id*. at 3.

## II.     Plaintiff Jazayerli's Medical Records and Medical Authorization

Defendant has made the following discovery production requests concerning Plaintiff Jazayerli: (1) any documents related to any past or present mental health treatment or evaluations of Plaintiff Jazayerli, and (2) all medical records related to Plaintiff Jazayerli's conditions that might affect her capacity and/or ability to understand and participate in this lawsuit. (Docket No. 55 at 2). In response to these requests, Plaintiff Alhamzawi has stated that he has already produced these documents to Defendant as part of discovery in a separate legal proceeding. Plaintiff Alhamzawi's response is insufficient as discovery produced in a different lawsuit to different discovery requests made by different counsel does not respond to the discovery requested in <u>this</u> case. Because Plaintiff Jazayerli's claims in this case include damages for "mental pain and anguish and severe emotional distress" (Docket No. 2-1 at 2-3), her medical records are clearly relevant. Moreover, Plaintiff Alhamzawi has put Plaintiff Jazayerli's capacity at issue in his pleadings. Accordingly, Plaintiff Alhamzawi shall produce the requested medical records in his possession to Defendant no later than August 18, 2025. Additionally, Plaintiff Alhamzawi shall produce an executed medical authorization for Plaintiff Jazayerli's medical records, which has been previously provided to him by Defendant, no later than August 18, 2025. Plaintiff Alhamzawi is warned that failure to comply with this discovery order may warrant imposition of sanctions, including dismissal of this action with prejudice.

## III.     Deposition of Plaintiff Jazayerli

To the extent that Plaintiff Alhamzawi seeks to prevent any future deposition of Plaintiff Jazayerli, the Motion is denied. Defendant has not yet requested Plaintiff Jazayerli's deposition so

Plaintiff Alhamzawi's request is premature. Moreover, Plaintiff Alhamzawi has not presented any evidence other than his own assertion that Plaintiff Jazayerli is incapacitated to such a degree that she is unable to participate in a deposition. Based on the record before it, the Court is unwilling to preemptively foreclose Defendant's ability to depose a named Plaintiff seeking damages.

**IT IS THEREFORE ORDERED** that Plaintiff Alhamzawi's Motion to Quash (Docket No. 51) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff Alhamzawi is to provide to Defendant any documents in his possession related to any past or present mental health treatment or evaluations of Plaintiff Jazayerli, and all medical records in his possession related to Plaintiff Jazayerli's conditions that might affect her capacity and/or ability to understand and participate in this lawsuit no later than August 18, 2025.

**IT IS FURTHER ORDERED** that Plaintiff Alhamzawi is to provide to Defendant an executed medical authorization for Plaintiff Jazayerli's medical records, which has been previously provided to him by Defendant, no later than August 18, 2025.

**IT IS SO ORDERED** this 6th day of August, 2025.

_____
D. Edward Snow
United States Magistrate Judge